[No. 20545. In Bank. — July 25, 1889.]

# THE PEOPLE, RESPONDENT, v. JOHN DUNNE, APPELLANT.

CRIMINAL LAW — HOMICIDE — SELF-DEFENSE — TRESPASS. — A homicide is not justifiable or excusable upon the ground of self-defense when the evidence shows that the accused had no reason to apprehend any other or greater wrong than a trespass upon his premises, and that at the time of the shooting the deceased was not in fact committing any trespass, but was upon the public highway.

ID. — CAUSE OF DEATH — CONFLICTING EVIDENCE. — If there is evidence for the prosecution showing that the deceased died from blood-poisoning as the result of the wound inflicted by the accused, the verdict of the jury against the accused will not be disturbed because there is evidence tending to contradict that of the prosecution as to the cause of death.

ID. — MISCONDUCT OF JURY — CONVERSATION OF JUROR WITH WITNESS. — The engaging of a juror in earnest conversation with the prosecuting witness during the trial, though reprehensible, is not sufficient of itself to raise a presumption that the juror was thereby improperly influenced.

ID. — EVIDENCE — MEDICAL EXPERT — HYPOTHETICAL QUESTION. — A hypothetical question to a medical expert, based upon a supposition in respect to which there is no evidence, and no offer to produce evidence, may be properly disallowed by the court.

ID. — EVIDENCE — WORK UPON MINING CLAIM. — When a homicide arose out of a dispute over a mining claim, evidence for defendant as to whether he had worked the claim before that year, or as to the worth of his expenditures, is incompetent.

APPEAL from a judgment of the Superior Court of Siskiyou County, and from an order denying a new trial.

The homicide of which the defendant was accused grew out of a controversy between deceased and defendant in regard to a mining claim on the bank of Klamath River, in Siskiyou County. Defendant was in possession working the claim immediately before the difficulty. On October 19, 1887, the deceased, with two other persons, came down Klamath River with a raft of lumber, intending to land it on the mining claim and erect a cabin thereon. Defendant knew of their approach, and armed himself with a gun. Deceased was also armed with a gun. Defendant was in the door-way of his cabin,

and the deceased was in the road approaching the cabin when the shooting took place. Further facts are stated in the opinion of the court.

*James F. Farraber,* for Appellant.

*Attorney-General Johnson,* and *J. S. Beard,* for Respondent.

Sharpstein, J.—Appellant was accused, by information of the district attorney of Siskiyou County, of the crime of murder, committed by shooting and mortally wounding one John Pearson. Appellant was found guilty of murder in the second degree.

Counsel for appellant, in his brief, says he admits the shooting, "but maintains: 1. That in inflicting these wounds he acted in self-defense; 2. That Pearson did not die from the effects of the wounds thus inflicted."

The verdict of the jury is against appellant on both of these propositions, and we cannot disturb it so long as there is sufficient evidence to justify it. Aside from the testimony of defendant in his own behalf, we are unable to find any evidence upon which to base a defense of justifiable or excusable homicide. He says that he did not shoot at deceased until after deceased had shot at him. The other eye-witnesses state that he shot first. That, taken in connection with the evidence, which shows defendant had no reason to apprehend any other or greater wrong than a trespass on his premises, would justify the jury in finding that the shooting by appellant was not done in self-defense. At the time of the shooting deceased was not committing any trespass, but was on a public highway, where he had an undoubted right to be.

We think the evidence upon which appellant relies to support his first point tends rather to prove a motive than a defense for the shooting.

Upon the point that Pearson did not die of the

wounds inflicted upon him by the shooting, we think the evidence sufficient to support the finding that he did. Dr. Robertson, a witness called by the prosecution, testified that he treated the deceased for a gun-shot wound in the arm and hand, on the twentieth day of October, 1887, and that he did not see him again until the 30th of the same month, at which latter time he found him in the acute stage of blood-poisoning; that he grew gradually worse, and died three or four days afterward. Witness performed an autopsy on the body, and states the condition and appearance of the lungs, heart, and liver, and continues by stating that, in his opinion, the cause of death was from the effects of acute blood-poisoning, the immediate cause of death being extreme congestion of the lungs and an insufficient aeration of the blood, and concludes as follows: "It is my opinion that these were caused by blood-poisoning resulting from the wounds he received in his arm and hand."

Conceding, which we do not, that other medical testimony tended, in some degree, to contradict that of Dr. Robertson, we could not on that ground disturb the verdict of the jury.

We think the circumstance of one of the jurors, at some time during the trial, engaging "in a close and earnest conversation with the prosecuting witness" is not of itself sufficient to raise a presumption that the juror was thereby improperly influenced. At the same time we avail ourselves of this occasion to express our disapprobation of such conduct. It is inexcusable. After the witness Robertson had testified as above stated, defendant's counsel, on cross-examination, propounded the following question to him: "Suppose that a party had a wound inflicted upon him, and after that wound had been inflicted the party drank excessively of intoxicating liquors, would that have any effect, or would that probably produce blood-poisoning?"

To which the district attorney objected on the ground that it was not cross-examination, and was immaterial and irrelevant, because it was a hypothetical question not based upon the evidence in the case.

The court sustained the objection, and defendant excepted.

We think that in the absence of any evidence that deceased, after receiving the wounds inflicted on him, drank any intoxicating liquor, or any statement of the counsel who propounded the question, that he expected to prove that deceased did drink intoxicating liquor after he was wounded, the ruling of the court was not erroneous.

We think, however, that the district attorney might safely, and without any neglect of duty, have withheld his objection. It is seldom, if ever, that an answer to an irrelevant question can prejudice a prosecution. Jurors are not so easily imposed upon or confused by irrelevant evidence as many prosecutors seem to suppose.

Witness Doggett was asked by defendant's counsel if he had ever seen the defendant working on his claim before that year. The question was objected to by the district attorney, and the objection sustained by the court, and defendant excepted. The witness then stated that defendant " had a wheel-pump there and had started to sink down," and that "there were cribs out there that he had his wheel on."

Defendant's counsel then asked the witness:—

"How much do you consider the evidence that you saw of mining and expenditure in the way of labor there would be worth?"

Objected to as incompetent and irrelevant. Objection sustained, and exception.

We think the ruling correct.

The case, we think, was fairly submitted to the jury by the instructions of the court. We think there is no error in those given, or in refusing to give those re-

quested and refused, for which the judgment, or order denying the motion for a new trial, should be reversed.

Judgment and order affirmed.

McFARLAND, J., PATERSON, J., THORNTON, J., and WORKS, J., concurred.

Rehearing denied.