[No. 12953. In Bank. — September 3, 1889.]

## P. R. WELSH, APPELLANT, *v.* COUNTY OF PLUMAS, RESPONDENT.

QUIETING TITLE — TOLL-ROAD — ADVERSE CLAIM OF COUNTY — NATURE OF RIGHT OF WAY. — Grantees of a toll-road constructed pursuant to an act of the legislature have a sufficient estate or interest in the land upon which the wagon-road rests to enable them to sue the county, under section 738 of the Code of Civil Procedure, to determine an adverse claim by it to the ownership of the road as a free public highway. The right of way for the road is private property, though held for a public use, and is incident and necessary to the privilege of collecting tolls thereon, and constitutes an interest in the land on which the wagon-road rests.

ID. — PLEADING — DEFENSE BY COUNTY — DEMURRER. — If plaintiff's toll franchise has expired, or has been determined by forfeiture, condemnation, or purchase by the county, or otherwise, so that it may declare the road a free public highway, it should set up such fact in its answer to plaintiff's complaint for adjudication; but the county cannot by general demurrer assail the right of the plaintiff to have the adverse claim of the county determined, in an action to quiet plaintiff's title under section 738 of the Code of Civil Procedure.

ID. — INJUNCTION — INTERFERENCE OF COUNTY WITH TOLLS — PLEADING. — The owner of an incorporeal hereditament, though he may have no estate in the land, shows a sufficient case in equity to sustain an injunction, if his complaint avers possession and a right to the possession of a toll-road for the purpose of collecting tolls thereon, and that the county through its board of supervisors interferes with and obstructs the free use and enjoyment of his property by depriving him of his tolls.

APPEAL from a judgment of the Superior Court of Plumas County.

The facts are stated in the opinion.

*Hundley & Gale,* for Appellant.

*C. E. McLaughlin,* for Respondent.

GIBSON, C. — This is an appeal from a judgment entered upon the declination of plaintiff to amend his amended complaint, a general demurrer thereto having been sustained.

The amended complaint presents these facts: An act entitled "An act to authorize the construction of a

wagon-road from the Cold Spring House, in Butte County, to Greenville, in Plumas County," approved March 17, 1866, authorized James R. Baylan, A. Miller, A. Wood, their associates and assigns, to construct and keep in repair a good wagon-road, commencing at the points named in the title of the act, said road to be completed within one year from the passage of the act.

The act granted the right of way over and along the route of the road, provided no public road then in use between the points designated should be used unless by permission of the board of supervisors of Plumas County, and also the right to collect such tolls upon the road after its completion as might be directed by the board of supervisors.

Pursuant to this act, the grantees therein and their associates accepted the grant, and within the time specified in the act laid out and constructed a good wagon-road, and have ever since kept the same in good repair. In the laying out and construction of the road, they did not, except by permission of the said board of supervisors, granted by a resolution entered on its minutes, occupy any public road then in use, between the points designated in the title of the act.

On the twenty-fifth day of September, 1866, and after the completion of the road, the board of supervisors of Plumas County passed an order, and entered the same on its minutes, fixing the rates of toll to be charged and collected on the wagon-road by the said grantees, their associates and assigns.

Plaintiff, by virtue of legal conveyances in writing from the original grantees named in the act, is the owner of the wagon-road as successor and assignee from the said grantees, and is entitled to have and receive the tolls, and to enjoy all the rights and privileges pertaining or incident thereto.

Ever since the completion of the road, the plaintiff, his predecessors and grantors, have been the owners

and in possession of the wagon-road, and received and collected tolls therefrom, until the board of supervisors of Plumas County, at a regular meeting on the fourth day of May, 1887, by an order entered on its minutes, without notice to plaintiff, declared the Cold Spring House and Greenville toll-road, by which name the wagon-road was known, to be a public highway, and since that date defendant has claimed to be the owner of the road, and denies the right of plaintiff to charge and collect tolls thereon. This claim of defendant is without right, and it has no estate, right, title, or interest in the road, or any part thereof.

By reason of these acts of the defendant, all persons traveling on the road refuse to pay toll or to recognize the right of plaintiff to collect the same, whereby he has been deprived of the full use and enjoyment of his property without due process of law, and without compensation made or tendered to him.

These facts, respondent contends, do not show any estate or interest in the land covered by the wagon-road, but simply a franchise to collect tolls thereon, and therefore this action will not lie under section 738 of the Code of Civil Procedure, which provides that "an action may be brought by any person against another who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim." And that, even assuming that the facts show an estate or interest in the land covered by the wagon-road, it also appearing that the board of supervisors, as the officers of defendant, acted beyond the scope of their authority, that such action is therefore void, and cannot injure plaintiff.

Has the plaintiff such an interest in the wagon-road as will enable him to maintain this suit? We think he has.

The act of March 17, 1866, does not prescribe how the acceptance of the grant by the grantees should be mani-

fested, but as they built the road within the time mentioned in the act, they acquired whatever passed by the legislative grant.  (*Rush* v. *Jackson*, 24 Cal. 308.)

The principal thing granted by this act was the privilege or franchise of collecting tolls upon a wagon-road, between the points designated in the act, for an indefinite period, for the private advantage of the grantees and their assigns, in consideration of building and maintaining at their own expense the wagon-road for the benefit of the public.

In order to enjoy this private advantage, it was necessary to build and maintain the wagon-road, and the plaintiff's predecessors and assignors, having built and maintained it, thereby acquired the right of way for the road over the land embraced within it.

This right of way is private property, but for a public use, and is incident and necessary to the privilege of collecting tolls thereon, and constitutes an interest in the land upon which the wagon-road rests.  (*Appeal of N. B. & M. R. R. Co.*, 32 Cal. 500.)

That case decided that a legislative grant of a right of way for a street-railroad, through a street in the city of San Francisco, with the privilege of collecting a certain specified fare from the passengers riding thereon, gave the appellant corporation such an interest in the street as to make it liable for its proportion of the cost of improving the street.

A wagon-road may be mortgaged or hypothecated to obtain funds for the construction or repair of such road (Civ. Code, secs. 522, 523); and may with the franchise be sold upon execution.  (Civ. Code, sec. 388.)

The right of way for the wagon-road held by plaintiff may be terminated by forfeiture for abuse of his franchise in collecting illegal tolls (see Civ. Code, sec. 2799), or by condemnation by the county (Pol. Code, sec. 2643, subd. 4), or by purchase by the county (Pol. Code, sec. 2800), or by expiration or non-user of the franchise.

(Pol. Code, sec. 2619.) In either of these events the board of supervisors, having the general supervision of highways in their county, would be required by proper ordinance to either cause the road to be recorded as a highway free to the public, or if not necessary for the use of the public, to abolish or discontinue it. (Pol. Code, secs. 2643, 2681; County Government Act, approved March 14, 1883, sec. 25, Stats. 1883, p. 303.)

It is therefore clear that the board of supervisors have the power to act in relation to the property in controversy; but as it does not appear that plaintiff's franchise was terminated in any of the ways above stated, the board of supervisors in declaring the wagon-road a public highway, and denying plaintiff's right to collect the proper tolls thereon, which, as we have seen, they can do under certain circumstances, asserted a claim for and on behalf of the defendant to plaintiff's interest in the land embraced within the wagon-road that is adverse to plaintiff's interest therein, and prevents the free use and enjoyment of his property, which adverse claim he has a right to have determined in this form of action under section 738 of the Code of Civil Procedure.

If plaintiff's franchise has expired, or been determined by forfeiture or otherwise, whereby the defendant can properly declare the wagon-road a free highway, it can set it up in its answer to plaintiff's complaint for adjudication.

Again, treating plaintiff's right of way for the toll-road as a mere incorporeal hereditament, which does not carry an estate in land, still, as his complaint shows that he is the owner of the right of way for the toll-road, and in and entitled to the possession thereof for the purpose of collecting tolls thereon, and that the action of the defendant through its officers, the board of supervisors, interferes with and obstructs the free use and enjoyment of his property by depriving him of his tolls, a sufficient case in equity is presented to sustain an in-

junction against the defendant, enjoining it from interfering with or obstructing the use of plaintiff's property by asserting an adverse claim thereto, and denying his right to collect tolls. (Code Civ. Proc., sec. 731; *Conniff v. San Francisco*, 67 Cal. 45.)

We therefore advise that the judgment be reversed, and the cause remanded, with instructions to the court below to overrule the demurrer to the amended complaint, with leave to defendant to answer.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment is reversed, and the cause re-remanded, with instructions to the court below to overrule the demurrer to the amended complaint, with leave to the defendant to answer.