[No. 14434. Department Two. — April 27, 1892.]

# P. R. WELSH, APPELLANT, v. PLUMAS COUNTY, RESPONDENT.

WAGON-ROAD FRANCHISE — LEGISLATIVE GRANT — ACCEPTANCE — CONSTRUCTION OF ROAD — POSSESSION OF PUBLIC ROAD. — Under a legislative act authorizing the construction, by private parties, of a wagon-road between two counties, to constitute an acceptance of the franchise granted it is necessary that the parties should indicate such acceptance by the building of the road; and the taking possession of a public road already constructed by the county authorities between the two counties is not an acceptance of the grant.

ID. — CONSTRUCTION OF PRIVATE ACT — PUBLIC INTERESTS. — A private act of the legislature, where there is doubt in respect to its interpretation, is to be construed most beneficially to the public interests.

APPEAL from a judgment of the Superior Court of Plumas County, and from an order denying a new trial.

The facts are stated in the opinion.

*Goodwin & Goodwin*, and *John Gale*, for Appellant.

*U. S. Webb*, and *Attorney-General Hart*, for Respondent.

FOOTE, C. — The plaintiff brought this suit under section 738 of the Code of Civil Procedure, having in view the quieting of his alleged title to a wagon-road in Plumas County, as against the adverse claim of that county. The court below sustained a demurrer to the complaint filed, and gave judgment thereon for the defendant. Upon an appeal being taken by the plaintiff to this court, the judgment was reversed. (80 Cal. 338.)

In that case the acceptance of the franchise as tendered by the act of the legislature, under which the plaintiff claimed the title to the wagon-road, was conceded by the demurrer. But in the present instance the case was tried upon its merits, and the findings of facts, which we think are amply sustained by the evidence, show that there never was any acceptance of the franchise as tendered by the legislative enactment, under which *alone* the road could be acquired by the plaintiff through his grantor.

The title of the act in question is: "An act to authorize the construction of a wagon-road from the Cold Spring House, in Butte County, to Greenville, in Plumas County." The *object* had in view in the act must have been the *construction* of a wagon-road between those two points.

It was said in the former opinion in this case, where, under the pleadings, it was conceded that the plaintiff had constructed the road, that the manifestation of acceptance of the franchise was the building of the road within the time mentioned in the act. (80 Cal. 34.)

But when the evidence was introduced on the present trial, it appeared that neither the plaintiff here, who succeeded to the rights of the original grantees, nor his grantor, ever built or constructed any road; that his grantor took possession and *used* a public road already constructed by the money of the tax-payers paid out by the county authorities, but that he did nothing towards building the road, which should have been done to manifest acceptance of the grant.

It will not be presumed that the legislature intended to turn over to the grantees in the act, private individuals, for their personal benefit, a public road already constructed by the county by means of public money, but rather that it intended, what the title of the act under which the grant is made reasonably imports, — that is, that the parties were to *construct* and maintain a road between two given points. This is in accordance with the rule that a private act, where there is doubt in respect to its interpretation, is to be construed most beneficially to the public interests. (*Bartram* v. *Central Turnpike Co.*, 25 Cal. 283; *Spring Valley W. W.* v. *San Francisco*, 52 Cal. 122.)

To constitute acceptance, it was necessary that the private parties should indicate such acceptance by building the road under the grant of the legislative act.

It is not to be presumed that the legislature, as the appellant seems to think, was intent upon making a valuable franchise for private individuals, but that the in-

tention was to facilitate public travel and convenience by the construction of an additional road between the points to and from which the road already constructed by the county ran. Private gain, and not the public good, would have been subserved by allowing private individuals wholly to appropriate a public road already constructed by the county, and to charge tolls for travel thereon from the tax-payers who had contributed to construct it.

We are of opinion that the view taken by the trial court of the act in question was right and should be upheld.

As the finding of non-acceptance is conclusive in support of the judgment, and as it was warranted by the evidence, it becomes unnecessary to discuss any other point made by the appellant.

We are of opinion that the judgment and order should be affirmed, and so advise

FITZGERALD, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.