[Crim. No. 1038.   Third Appellate District—June 25, 1928.]

THE   PEOPLE,   Respondent,   v.   JOSEPH   MURPHY, Appellant.

J. R. McHenry, Frank C. Hale, Howe, Hibbitt & Johnston and O. F. Meldon for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was convicted of the crime of assault with intent to commit robbery and his motion for a new trial was denied. This appeal is from the judgment and the order denying a new trial.

Appellant contends that there is not sufficient evidence to connect him with the commission of the offense. The prosecuting witness positively identified the defendant as one of the men who attacked and attempted to rob him. His testimony was corroborated as to the commission of the offense but not as to the identity of the persons who committed it. The defendant testified that he was not at the scene of the crime at the time of its commission. This testimony is corroborated to some extent by that of other witnesses. Clearly, the determination of this conflict in the testimony was a question for the jury and the trial court.

It is urged that some of the jurors were guilty of prejudicial misconduct. At a recess during the trial one of the jurors "took a seat in the courtroom in the space reserved for spectators. . . . Thereupon the prosecuting witness . . . seated himself beside the said juror and engaged in earnest conversation for a period of at least four or five minutes." It does not appear what the subject of the conversation was, and the People offered no explanation of the alleged misconduct. Relative to a similar state of facts it was said: "It was a grave impropriety, exposing the juror

to suspicion and reflecting upon the administration of the law. It is not going too far to say that his conduct called for explanation. But this was a matter resting in the discretion of the trial court, and since it does not appear that the conversation related to the case on trial, we cannot hold that there was an abuse of discretion." (*People* v. *Phelan,* 123 Cal. 551, 567 [56 Pac. 424, 430].)

After the case had been submitted to the jury three jurors were permitted, by the officer having them in custody, to use the telephone. Respondent does not contend that this was not misconduct. The officer in charge of the jury made affidavit that he permitted such jurors "to use the telephone and tell their folks that they would not be home; that at the time said jurors used said telephone affiant was present in the office of the county clerk where said telephone is situated, and the rest of the jurors were also present in said room, or in the doorway of said room which adjoins the hallway; that affiant heard said jurors telephone and in no instance did they refer in any manner whatsoever to the above entitled case, but were apparently informing relatives that they were delayed and could not return to dinner, or else were seeking someone to come for them later in the evening." The three jurors in question made similar statements in their affidavits, and, in addition thereto, two of them stated that there was no response to their telephone calls, and the third one stated that her conversation was with her thirteen year old daughter and related solely to the inability of the juror to go home at that time and to the feeding of the juror's chickens. The foregoing explanation by the People of the conduct of the jurors was sufficient to warrant the court in denying the motion for a new trial based on the ground of such misconduct. (*People* v. *Cord,* 157 Cal. 562, 571 [108 Pac. 511]; *People* v. *Page,* 86 Cal. App. 148 [260 Pac. 591].)

Complaint is made of the court's refusal to give certain instructions requested by the defendant. The statements of law contained in the proposed instructions were all included in instructions which the court gave, and it was unnecessary to repeat them.

The judgment and the order are affirmed.

Plummer, J., and Hart, J., concurred.