[Crim. No. 4511.   In Bank.   Sept. 30, 1943.]

THE PEOPLE, Respondent, v. MARCELINO BAUTISTA, Appellant.

No appearance for Appellant.

Robert W. Kenny, Attorney General, and T. G. Negrich, Deputy Attorney General, for Respondent.

THE COURT.—In an information filed by the District Attorney of Tulare County the defendant was charged in separate counts with having murdered Telesforo Tadino Villanueva and Macario Bucsit.   On arraignment the defendant pleaded guilty to each count.   Evidence directed to the determination

of the degree of the murders was heard. The court below found that each homicide was wilful, deliberate, and premeditated, with malice aforethought, and that the murders were of the first degree, committed in the perpetration of robbery. The defendant was sentenced to death. This automatic appeal from the judgment comes before us by virtue of the provisions of section 1239 of the Penal Code. No briefs were filed, and neither counsel who represented the defendant in the court below nor any other counsel appeared herein on his behalf. Therefore it has been necessary for this court to examine carefully the entire record of the proceedings. After such examination of the record, we are of the opinion that the judgment appealed from should be affirmed.

The evidence discloses the following facts:

The defendant and his two victims had been working under the same foreman in the asparagus fields near Stockton since March, 1943. On May 28 the workers were paid. At that time, in the presence of the foreman, the two victims counted the money which they had saved from their earnings. Villanueva had saved about $950 and Bucsit had saved about $1,200.

On May 29 the defendant and his two fellow workers left Stockton in Villanueva's car to drive to Porterville. The defendant requested Bucsit to loan him money. When Bucsit refused, the defendant determined to commit the crimes. The defendant, who was driving, stopped the car; Villanueva took the wheel; and the defendant got in the back seat of the car. From this position, the defendant struck Villanueva on the head with a hammer, rendering him unconscious. He then struck Bucsit, who was attempting to flee. Bucsit ran from the car; the defendant followed him and struck him again, dragged him back, placed him in the car, and drove to an isolated spot. There he robbed the two victims of their savings, changed his blood-stained outer garments, set fire to the car, and left.

The smoldering car and the two charred bodies were discovered on May 30. The defendant was apprehended on the same day. Large spots of blood were found on his underwear. The defendant at that time stated that he could not explain the presence of the blood stains, but thereafter voluntarily confessed to the authorities, both orally and in writing, that he had killed the two men in order to rob them.

The defendant went with the officers to his home, and directed them to the closet where he had hidden the proceeds

of his crimes; $1,575 was there recovered by the authorities. The officers also found in the closet a revolver which the defendant had previously said he had with him, but which he did not use, at the time of the commission of the crimes.

The record discloses that the defendant was of sound mind, and there is ample evidence to support the findings of the court below that the homicides were committed with malice aforethought and in the perpetration of robbery. From reading the transcript it appears that the proceedings were regular in all respects, and that the defendant was accorded a fair trial.

The degree of the murders, since they were committed in the perpetration of robbery, was properly fixed as of the first (Pen. Code, sec. 189; see also *People* v. *Vaiz*, 55 Cal.App. 2d 714, 715 [131 P.2d 407]); and the determination of the trial court that the defendant should suffer the death penalty (Pen. Code, sec. 190) cannot, under the circumstances depicted, be disturbed by us.

The judgment is therefore affirmed.