[Crim. No. 5483.  In Bank.  Oct. 20, 1953.]

## THE PEOPLE, Respondent, v. FLORENTINO ORTEGA, Appellant.

Ellery E. Cuff, Public Defender, and Noel B. Martin, Deputy Public Defender, for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

EDMONDS, J.—The trial court, sitting without a jury, found Florentino Ortega guilty of murder in the first degree and of three counts of robbery, and concluded that he was

sane at the time the offenses were committed. The appeal from the judgment imposing the death penalty is automatic. (Pen. Code, § 1239b.)

The murder occurred during the course of a robbery by Ortega of a liquor store owned by Irving Oren. Displaying a gun, Ortega robbed the proprietor of his wallet and then compelled him to lie on the floor while he looted the cash register and cashbox. As several customers entered the store, each was ordered to empty his pockets and to lie on the floor, Ortega accompanying his commands with statements that he intended to kill each of them.

One of the customers was the decedent, Rogers. He was forced to a kneeling position facing Ortega. When Rogers turned his pockets out, a dime fell onto his thigh. Ortega approached him and said, "Give me the rest of your money." Rogers replied that he had no more. Pointing to the coin on Rogers' leg, Ortega said, "You are holding out on me; there is a dime." Asked if he wanted the dime placed on the counter, Ortega replied, "No; hand it to me like a man." Given the money, he stepped backwards about two paces and fired a bullet which struck Rogers in the neck, causing his death a few minutes later.

At the trial, the evidence against Ortega consisted of the testimony of various witnesses present at the shooting, who identified him, and a sworn statement made by Ortega in which he freely admitted the robbery and killing. His only defense was that he did not remember the events of that evening, assertedly because of his having consumed a quantity of intoxicating liquor and taken an injection of heroin. This evidence was rebutted by medical testimony and impeached by his earlier statement in which he claimed that the gun went off accidentally. The record fully supports the determination of the trial court.

█ Ortega's only contention on this appeal is that the punishment should be reduced. However, repeatedly it has been held: "When, as in this case, the trial court is vested with discretion to determine the punishment (Pen. Code, § 190), and there has been no error, this court has no power to substitute its judgment for that of the trial court." (*People v. Harrison, ante,* pp. 216, 219 [258 P.2d 1016]; *People v. Dessauer,* 38 Cal.2d 547, 555 [241 P.2d 238]; *People v. Thomas,* 37 Cal.2d 74, 78 [230 P.2d 351]; *People v. Odle,* 37 Cal.2d 52, 58-59 [230 P.2d 345].) Counsel for Ortega points to no error, nor does any appear in the record.

The judgment and the order denying defendant's motion for a new trial are affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.