[Crim. No. 6553.    In Bank.    Jan. 22, 1960.]

THE PEOPLE, Appellant, v. WILLIAM GERALD
MOORE, JR., Respondent.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Lowell E. Lathrop, District Attorney (San Bernardino) for Appellant.

John C. McCarthy, under appointment by the Supreme Court, for Respondent.

SPENCE, J.—The People appeal from an order modifying the verdict by reducing the punishment imposed for defendant's crime, murder in the first degree, from death to life imprisonment. (Pen. Code, § 1238, subd. 6.) The trial court made the order of modification in passing upon defendant's motion for a new trial. At that time both defendant's motion for a new trial and his motion to reduce the degree of his crime were denied, but defendant does not appeal. We have concluded that under authority of this court's remand order and of the governing statute (Pen. Code, § 1181, subd. 7) the trial court had the power to make the challenged modification, and that the order should be affirmed.

On April 4, 1956, defendant was indicted for the crime of murder. A jury trial resulted in a verdict of first degree murder, with the penalty fixed at death. Thereafter defendant's motion for a new trial was denied and the court pronounced judgment imposing the death penalty. Upon the automatic appeal to this court (Pen. Code, § 1239, subd. (b)), the judgment and order denying the motion for a new trial were affirmed. (*People v. Moore,* 48 Cal.2d 541 [310 P.2d 969].) The remittitur was duly issued on June 10, 1957.

In September, 1957, defendant filed a petition for a writ of habeas corpus and stay of execution. On December 12, 1958, this court issued the following order: ''The petition for a writ of habeas corpus is denied. The remittitur issued on June 10, 1957, in *People* v. *Moore,* Crim. 5992, is recalled and the judgment of this court filed May 10, 1957, in that case (48 Cal.2d 541) is vacated; the judgment of the trial court and its order denying a motion for new trial are vacated; the cause is remanded to the Superior Court of the State of California in and for the County of San Bernardino with directions to again hear and determine the motion for a new trial or reduction of the degree of the offense and to enter the appropriate judgment or order in accordance with the views set forth in *People* v. *Sheran,* 49 Cal.2d 101 [315 P.2d 5]; *People* v. *Borchers,* 50 Cal.2d 321 [325 P.2d 97]; and *People* v. *Robarge,* 41 Cal.2d 628 [262 P.2d 14].''

Following the filing of this remand order, the People petitioned this court to vacate it on the ground that there was no legal basis for the recall of the remittitur. This petition was denied. Thereafter on January 27, 1959, a remittitur, couched in the language of the remand order of December 12, 1958, issued and was filed in the superior court on January 28, 1959.

On March 18, 1959, pursuant to this court's remand order and second remittitur, this matter came on for hearing in the superior court. Defendant again moved for a new trial, on the same grounds as theretofore urged almost three years earlier, or for reduction of the degree of the crime. Both motions were denied, but the court then made the following order: "Under the provisions of Section 1181 Penal Code the Court Orders the Verdict, heretofore finding the defendant guilty of the offense of MURDER IN THE FIRST DEGREE, a felony without recommendation dated September 5, 1956, modified to impose upon the defendant, life imprisonment in lieu of death by administration of lethal gas for the crime of MURDER IN THE FIRST DEGREE, a felony."

The People contend that the trial court lacked the power to make this order. They contend that in a jury trial, the exclusive discretion to determine the penalty in first degree murder cases is given to the jury (Pen. Code, § 190, as it read at the time of trial and as amended in 1957; Pen. Code, § 190.1, enacted in 1957); and that while the trial court, on a motion for a new trial, may reduce the degree of the crime in a murder case (*People* v. *Borchers,* 50 Cal.2d 321 [325 P.2d 97]; *People* v. *Sheran,* 49 Cal.2d 101 [315 P.2d 5]), the trial court may not modify or reduce the punishment to a sentence of life imprisonment in lieu of the death penalty as found by the jury. As supporting authority, the People cite such cases as *People* v. *Brust,* 47 Cal.2d 776, 791-792 [306 P.2d 480]; *People* v. *Green,* 47 Cal.2d 209, 235 [302 P.2d 307]; *People* v. *Thomas,* 37 Cal.2d 74, 77-78 [230 P.2d 351]; *People* v. *Odle,* 37 Cal.2d 52, 57-58 [230 P.2d 345]. These cases are generally directed to the power of the appellate court and hold that such court may not reduce the punishment for "the trier of fact is vested with exclusive discretion to determine punishment." (*People* v. *Green, supra,* p. 235.) A different situation is presented here involving the trial court's power following this court's remand order.

Penal Code, section 1181, subdvision 7, provides: "When a verdict has been rendered or a finding made against the defendant, the court may, upon his application, grant a new trial . . . 7. When the verdict or finding is contrary to law or evidence, but *in any case* wherein authority is vested by statute in the trial court or *jury* to recommend or determine as a part of its verdict or finding the punishment to be imposed, *the court may modify such verdict or finding by imposing the lesser punishment without granting or ordering a new trial. . . .*" (Emphasis added.) The trial court acted within the precise terms of this provision when it denied defendant's motions for a new trial or reduction of the degree of the crime but nevertheless reduced the punishment from death to life imprisonment.

This court's remand order vacated the original judgment and directed the trial court to "again hear and determine" defendant's respective motions. In short, defendant's motions were again before the trial court for determination as on their initial submission after the return of the jury's verdict at the close of the trial. While this court's order admonished the trial court to heed the views expressed in the three cited cases (*People* v. *Sheran,* 49 Cal.2d 101 [315 P.2d 5]; *People* v. *Borchers,* 50 Cal.2d 321 [325 P.2d 977]; *People* v. *Robarge,* 41 Cal.2d 628 [262 P.2d 14]), it did not purport to circumscribe or limit in any manner the trial court's powers in acting upon the motion for a new trial. (Pen. Code, § 1181.) Rather the trial court was free to exercise its discretion based upon its view of the evidence. Although the jury in a jury trial has the exclusive power in the first instance to select the penalty for first degree murder as between death and life imprisonment (Pen. Code, §§ 190, 190.1; *People* v. *Friend,* 47 Cal.2d 749, 759 [306 P.2d 463]), this does not affect the power of the trial court, in disposing of a defendant's motion for a new trial, to reduce the punishment from death to life imprisonment. Based upon its own independent view of the evidence, the trial court is not only empowered to reduce the degree or class of the offense (Pen. Code, § 1181, subd. 6; *People* v. *Linden,* 52 Cal.2d 1, 27 [338 P.2d 397]; *People* v. *Matlock,* 51 Cal.2d 682, 698 [336 P.2d 505]; *People* v. *Borchers, supra,* 50 Cal.2d 321, 330), but is also empowered to reduce the penalty imposed. (Pen. Code, § 1181, subd. 7.) This court's remand order contemplated that the trial court would "again hear and determine" defendant's motions in the

exercise of its statutory powers, and it properly exercised the discretion conferred by the statute.

The order is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and White, J., concurred.

Appellant's petition for a rehearing was denied February 17, 1960.