[Crim. No. 10584.   Second Dist., Div. Four.   Sept. 15, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. MOISES LEA
DE LA PAZ, Defendant and Appellant.

Peter W. Drizin, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Gerald H. Genard, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was charged with a violation of subdivision 2 of section 487 of the Penal Code (grand theft from the person). Four prior convictions, three of which were for the same offense, were charged and admitted. After a trial by jury, he was found guilty, probation was denied and he was sentenced to state prison.

Officer O'Lear, of the Los Angeles Police Department, was assigned to the bunko pickpocketing detail. He was well acquainted with defendant and had arrested him on at least one previous occasion. On August 8, 1964, the officer was off duty. He saw defendant standing at a bus stop on South Broadway in Los Angeles. He observed defendant approach a woman, touch her purse or pocketbook, and then back off. This maneuver was repeated several times, at different bus stops. Finally, the officer saw defendant approach the victim herein involved, open her purse, remove a small coin purse and put it in his inside coat pocket. The woman and defendant entered the bus; the officer followed and placed defendant under arrest.

Defendant testified, denying the earlier episodes and claiming, as to the episode which is the subject of this prosecution, that he had seen the woman's purse come open and the coin purse drop out. He claimed that he had followed her into the bus and was attempting to return it to her when his Good Samaritan efforts were misconstrued and he was arrested.

Court appointed counsel contends: (1) that the evidence was insufficient to sustain the verdict; (2) that defendant was denied a fair trial because the arresting officer prevented him from securing the names and addresses of the bus driver and passengers and thus prevented him from calling them as witnesses; (3) that statements made by him to the officer were inadmissible under *Dorado*;[1] and (4) that it was error for the prosecution to bring out in cross-examination the prior offenses which he had admitted out of the presence

---

[1]*People* v. *Dorado* (1965) 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361].

of the jury. None of these points has merit.

The officer's testimony, if believed, was sufficient to sustain the verdict; it is immaterial, on appeal, that the victim could not testify as to the observation of the actual theft, covertly committed, nor that defendant told a different story. The officer denied the claim concerning the attempt to get the names of possible witnesses; again the trial court and jury were entitled to disbelieve defendant. It has long been settled that the prohibition in sections 1025 and 1093 of the Penal Code against advising the jury of prior convictions does not apply where defendant takes the stand and exposes himself to impeachment by a method expressly authorized by section 2051 of the Code of Civil Procedure. (*People* v. *Pike* (1962) 58 Cal.2d 70, 93 [22 Cal.Rptr. 664, 372 P.2d 656]; *People* v. *Cobb* (1955) 45 Cal.2d 158, 162 [287 P.2d 752]; *People* v. *Peete* (1946) 28 Cal.2d 306, 319-320 [169 P.2d 924]; 2 Witkin, Cal. Crimes (1963) § 1021.)

The *Dorado* contention arises in the following way: after defendant was arrested, the officer walked with him to a nearby store, where the officer worked on his day off and where he had access to a desk and a telephone. The officer testified that, while walking, defendant said to him: "Give me a break"; "I haven't pulled any other jobs, this is the first purse I have picked"; "I don't know what got over me, it gets in your blood." Three of the four *Dorado* elements were present: defendant was under arrest, suspicion had clearly focused on him, and he was not warned of constitutional rights. But the fourth element is as clearly lacking: there is no showing that these remarks were made as the result of any "process" of interrogation—or, indeed, as the result of any interrogation whatsoever. From the record,[2] the remarks were spontaneous and purely voluntary; nothing in *Dorado* or in any other case prohibits the use of testimony concerning them.

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.

---

[2]The case was tried after the decision in *Escobedo* v. *Illinois* (1964) 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977], and after the first opinion had been filed in the *Dorado* case, although while the rehearing in *Dorado* was pending. Defense counsel obviously was alert to the issue. He cross-examined the officer, on *voir dire,* and secured the admission that no warning of constitutional rights had been given; had counsel desired to explore the question of whether or not the remarks were the result of a process of interrogation he had ample opportunity; defendant having left the record silent on this point, we do not, under these circumstances, assume the existence of the element of accusatory interrogation. (*People* v. *Guastella* (1965) 234 Cal.App.2d 635 [44 Cal.Rptr. 678].)