[Crim. No. 5053.   Second Dist., Div. One.   Dec. 21, 1953.]

THE PEOPLE, Respondent, v. HENRY CARDOZA
MENDOZA et al., Appellants.

Eugene V. McPherson for Appellants.

Edmund G. Brown, Attorney General, and James D. Loebl,
Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from the judgment and order denying a motion for a new trial.

Defendants were charged by information with robbery, kidnapping and grand theft. Prior conviction of a felony as to each was also alleged. A jury was waived. Defendants were adjudged guilty on all three counts. The allegations of prior conviction were found to be true. A motion for a new trial was denied. Probation was denied.

The facts as recited in respondent's brief and supported by the record are as follows:

"On August 5, 1952, Emmet Glasgow was a truck driver for the Pasadena Candy and Tobacco Company. On that date he made a delivery at Valley and Fremont Streets in Alhambra and upon returning to the truck a man jumped into it armed with a gun, and said, 'This is a holdup.' He ordered Glasgow to follow a car that was ahead of the truck. Mr. Glasgow followed that car for quite some distance, over many different streets, and finally was led to a dirt road, and up the dirt road to a fence. At the fence, the man in the truck ordered it stopped, and ordered Mr. Glasgow out. Then the man with the gun who had climbed into the truck tied Mr. Glasgow to the fence with some adhesive tape.

"There were two men in the car which Mr. Glasgow was ordered to follow. However, he could not identify either of them because only one came close to him, and that one wore a bandana over his face. After Mr. Glasgow had been tied to the fence one of the men came up behind him and took his wallet, but after taking the money which amounted to $15.99 and his identification, he discarded the wallet. Mr. Glasgow testified that from the time the man got into the truck, he was in fear, and the taking of the truck, tying him up, etc., was entirely without his consent.

"The next time Mr. Glasgow saw the truck, after the men drove it away, was at approximately 7 o'clock p. m. that same evening in an alley in East Los Angeles. Part of the merchandise was still in the truck, but the remainder of the cargo worth $2500 was missing. The next time Mr. Glasgow saw the man who had held the gun on him in the truck was about two weeks later in the Alhambra Police Station, at which time Mr. Glasgow approached him to within a distance of about 10 feet and made positive identification of him. The man who got into the truck was also represented by the picture which was introduced as People's Exhibit 1.

"Mr. Glasgow, when shown a picture of a blue, 1937 Chevrolet, testified that it was similar to the car which he was ordered to follow, but he could not state definitely that it was the same car. He was unable to identify either defendant as being in the car, or as tying him to the post, or otherwise being involved in the crime.

"Two young boys testified that they saw two men unload the truck into a shack near where it was found in East Los Angeles. Neither boy could testify that the defendants were the two men whom they saw unloading the truck.

"Officer William Carl Wiggins identified the man pictured in People's Exhibit 1 as Edward Lastra, who committed suicide while in custody after having been accused of being one of the perpetrators of the crime which is the subject matter of this suit. He did so on August 15, 1952, at approximately 4:00 or 4:30 p. m.

"On Saturday, August 16, 1952, at approximately 12:05 p. m., the defendants made and signed a statement. It was taken by a stenographer in the presence of three officers. Mr. Wiggins testified that no force or violence was used on either of the defendants, no offers or promises of reward or immunity were extended, and the statement was given freely and voluntarily. The statement was read in full by the defense counsel at page 148 of the Reporter's Transcript. It was a confession of Mendoza, also signed by defendant Garcia, to committing the crimes involved in this information, along with the deceased, Edward Lastra. The statement told how he, Mendoza, and Garcia were the two men in the car described by the victim, Mr. Glasgow, and how they had been present when Lastra tied the victim to the post. It also described how each of the defendants helped to unload the contents of the truck, and received money from Lastra, when some of the merchandise was sold.

"On August 15, 1952, Sergeant Wiggins sent for a doctor to treat the two defendants, who were suffering from the withdrawal symptoms occasioned by drug addiction. The doctor gave each of the defendants a shot of morphine at approximately 7:00 p. m. that night. The defendant Garcia admitted that the cause of his sickness was the withdrawal symptoms induced by the lack of narcotics. As the statements made by each of the defendants was given the next day shortly after noon, 17 hours elapsed between the time of the shots of morphine and the time the statement was given."

188

■■ It is contended on appeal that "the evidence was insufficient" and that "the confession was not admissible."

A review of the record reveals the evidence to be sufficient.

As to the confession, the defendants testified, in effect, that force and violence was used and it is argued that the confessions were not free and voluntary. The evidence was conflicting on this issue for the officers testified to the contrary. As to the effect of the morphine, that was a question of fact for the trial court to determine. It does not appear that the trial court's rulings on the admission in evidence of the confessions was error.

There are no prejudicial errors in the record. The judgment and order are affirmed.

White, P. J., and Drapeau, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 20, 1954.