[Crim. No. 3059. First Dist., Div. Two. Feb. 23, 1955.]

THE PEOPLE, Respondent, v. LOUIE GEM HANG et al., Appellants.

Sol A. Abrams for Appellants.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

NOURSE, P. J.—Defendants, charged jointly in an information in three counts with (1) possession of narcotics, to wit, heroin (Health & Saf. Code, § 11500), (2) transportation of the same (same section), (3) conspiracy to possess and transport the same (Pen. Code, § 182) and each with a prior conviction, which was admitted, were found guilty by the court on the first and third counts, jury trial having been waived and the second count having been dismissed. They were sentenced to San Quentin, the sentences on the two counts to run consecutively. On appeal from said judgment their only contention is that the evidence is insufficient to sustain the conviction on the conspiracy charge. The contention is devoid of all merit.

The evidence shows, among other things, the following without conflict: On December 17, 1953, heroin was found in defendant Wing's room in a Chinese rooming house at 912 Grant Avenue, part of it concealed in secret compartments of two large hand carved oriental camphor chests. Part of the wrapping of the heroin consisted of Hongkong newspapers. In the office of the Bureau of Narcotics the same evening, Wing stated in the presence of defendant Hang, who had been arrested, and of narcotics agents, that

Hang asked him that afternoon to keep the two chests, in which Hang said narcotics were concealed, in his room and that he would come early next day to take the narcotics from the premises; that he had known Hang for a year and a half and had made several trips with him aboard the S. S. President Cleveland; that Hang had the chests in his car and that, together with Hang, he carried the chests up to his room; that Wing had told Hang that he did not like to keep the chests around the room, that it was Hang's stuff. When the above statement was made in his presence defendant Hang stood mute. Thereafter Hang stated in the presence of Wing that he had received the two chests from a certain Leong who had asked him at Hong Kong if he would take the two chests to San Francisco; that he took the two chests on board the S.S. President Cleveland, paid the purser $20 to store them and left them aboard when on December 15, 1953, he arrived with the ship in San Francisco; that on December 17 he cleared the chests through the customs and put them in his car with the help of a longshoreman; that he then picked up Wing and drove to 912 Grant Avenue where they carried the chests to Wing's room; that he knew Wing from sailing together on the S.S. President Cleveland. The clearance of the chests from the S.S. President Cleveland by Hang and the putting of them in his car was corroborated by testimony of a United States customs inspector and a longshoreman.

Appellants' argument is based on the contention that their stated admissions cannot be used to prove a conspiracy. This is not sound. ■ Extrajudicial admissions of a defendant can be used against him when there is independent prima facie evidence of the corpus delicti. (*People* v. *Cullen*, 37 Cal.2d 614, 624 [234 P.2d 1]; *People* v. *Selby*, 198 Cal. 426, 438 [245 P. 426].) Slight proof of the corpus delicti is sufficient for this preliminary purpose. (*People* v. *Mehaffey*, 32 Cal.2d 535, 545 [197 P.2d 12]; *People* v. *Paps*, 125 Cal.App.2d 28, 33 [269 P.2d 932].) ■ Under this rule the independent evidence of the fact that heroin was found secreted in the chests in Wing's room packed in Hongkong newspapers, that the chests were cleared through the customs by Hang on the same day from the S. S. President Cleveland, and put in a taxi and that Hang and Wing knew each other from working together on the S. S. President Cleveland is sufficient preliminary proof of the corpus delicti, to wit, the unlawful agreement to commit the substantive acts charged. ■ The

unlawful agreement which is the gist of the conspiracy need not be explicit or expressed in words; it may consist of any tacit mutual understanding to commit a crime. (*People* v. *Yeager,* 194 Cal. 452, 484 [229 P. 40].) When in this manner the admissions had become admissible they were sufficient to raise the quantity of proof beyond a reasonable doubt. As to Wing, his own admissions together with the independent evidence had this effect; as to Hang, it resulted from his standing mute when Wing made the accusatory statements in his presence (Code Civ. Proc., § 1870, subd. 3; *People* v. *Simmons,* 28 Cal.2d 699, 712 [172 P.2d 18]) after both had been arrested (especially the statements as to their conversation concerning the heroin in the chests), Hang's own admissions and the independent evidence. None of this evidence so used was inadmissible hearsay.

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.