[Crim. No. 6602.    Second Dist., Div. One.    Dec. 7, 1959.]

THE PEOPLE, Respondent, v. MORRIS RAY PRICE, Appellant.

William A. Drake, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and John M. Huntington, Deputy Attorney General, for Respondent.

SCOTT (Robert H.), J. pro tem.*—Defendant was convicted of the crime of robbery (Pen. Code, § 211) which the jury found to be robbery of the first degree and was committed to the Youth Authority. From the judgment of conviction he appeals.

In June, 1958, shortly before midnight a man who was the victim of the robbery was sitting in his automobile which was parked next to the curb. With him was a young woman who was a casual acquaintance. Another car drew up alongside and the person in the right front seat pointed something at the victim saying that it was a gun and demanding the victim's wallet which was thereupon delivered and the car then drove away.

Later that month defendant was arrested in Covington, Virginia, and by the sheriff of that county was turned over to police officers from Los Angeles who had gone there to receive him. One of the officers also received from the sheriff a gun, shells, a credit card and a statement of defendant

---

*Assigned by Chairman of Judicial Council.

confessing the robbery. The officer testified that the defendant told him that the statement had been free and voluntary and that defendant had signed it, but that defendant later denied to the officers that it was true, stating that his companion had held the gun on the victim and defendant had been driving the car.

The statement admitted that defendant owned the gun and had used it in the robbery, and thereafter had started east with two companions, using the victim's credit card to purchase gas, oil and tires.

The officer further testified that in other conversations defendant admitted every fact essential to establishing his participation in the crime and many circumstantial details.

At the trial defendant said he had been pushed around by the Virginia sheriff and had signed the statement because the latter had threatened to seek a sentence of a year in jail for him if he did not sign it. He denied sharing in any part of the robbery claiming that his companions told him they had committed it. The officers from Los Angeles were not accused by him of using any force or violence or of promising immunity or reward. Defendant also testified that at the time of the arrest one of his companions had the gun and the other had the victim's credit card, but that they were released by the local authorities under a suspended sentence for vagrancy while defendant was turned over to the Los Angeles police officers.

On appeal defendant claims that he was denied due process of law because the challenged statement was admitted into evidence at the trial.

It appears that outside of the presence of the jury the trial court made a careful and extended inquiry into the circumstances under which the statement was made. Conflicting testimony was received and considered and the court made the preliminary determination that the confession was voluntary and admissible into evidence for consideration by the jury. This ruling was based upon sufficient evidence and did not constitute an abuse of discretion.

■■■ ''A confession, freely and voluntarily made and without offer or promise of leniency in regard to punishment, or as the result of threats or intimidation, may be used as evidence against the defendant in a criminal case. ■■ But its admissibility depends entirely upon the circumstances under which it was obtained, and this presents a question which is necessarily, in the first instance, addressed to the

trial judge." (*People* v. *Rogers*, 22 Cal.2d 787, 804 [141 P.2d 722].) ▮ A wide discretion is vested in the trial court with respect to admissibility of confessions and its finding will not be disturbed on appeal unless there has been a clear abuse of discretion. (*People* v. *Childers*, 154 Cal. App.2d 17, 21 [315 P.2d 480].) ▮ If the trial court admits the confession into evidence and there is a conflict in the evidence as to whether it was freely and voluntarily made it is for the jury to determine that issue and to decide whether it is entitled to consideration. (*People* v. *Fox*, 25 Cal.2d 330, 340 [153 P.2d 729].)

▮ Defendant at first told the trial court that he had been "smacked around and pushed around" by the Virginia sheriff but later said, "They wouldn't hit me with their fists and all of that, just pushing me around and when they said that they were going to take me before the judge and I would get a year on vagrancy, that is the reason I signed the statement."

No claim is made by defendant that the Los Angeles officers had done anything to induce a confession but on the contrary had treated him like a gentleman and to one of these officers he voluntarily acknowledged that he had made the statement in Virginia and that it was true. Defendant testified before the trial judge that when he was shown the statement at a later date by the officer when they were in the Police Building in Los Angeles and was asked if he signed it he told the officer, "Yes, that was it," but made no claim of force or threats made by anyone to induce him to sign it.

We are unable to conclude that the trial court abused its discretion in admitting evidence relating to all of these matters for consideration and evaluation by the jury. There was sufficient competent and credible evidence of the guilt of defendant including inferences reasonably drawn from the testimony of defendant himself given at the trial in the presence of the jury to support the verdict.

▮ "After conviction all intendments are in favor of the judgment and a verdict will not be set aside unless the record clearly shows that upon no hypothesis whatsoever is there sufficient substantial evidence to support it." (*People* v. *Lindley*, 26 Cal.2d 780, 791 [161 P.2d 227]; *People* v. *Crooker*, 47 Cal.2d 348, 356 [303 P.2d 753].)

The other protest by defendant on this appeal relates to the decision by the jury fixing the degree of the robbery as first degree having been committed while the accused was

armed with a deadly weapon. He asserts that this finding must have been based on the confession of defendant, that the degree of the crime was part of the corpus delicti, that no element of the corpus delicti could be established solely by an extrajudicial statement of defendant and hence that the determination that the robbery was first degree was without adequate evidentiary support. This contention, however, is not legally correct, and the evidence in its entirely was sufficient to support the jury's fixing of the crime as being of first degree.

It is the settled rule that the corpus delicti must be proved by evidence outside of the extrajudicial declarations and statements of a defendant. (*People* v. *Mehaffey*, 32 Cal.2d 535, 544 [197 P.2d 12].)

It is suggested that the case of *People* v. *Vertrees*, 169 Cal. 404 [146 P. 890], supports defendant's impression the degree of the crime was not properly proved. That is not correct. In a case such as this where the corpus delicti of the crime of robbery was established by independent evidence, the circumstances surrounding the commission of the crime could be shown by the extrajudicial statements of the accused, and such evidence of the surrounding circumstances could be used to establish the degree of the crime committed. (*People* v. *Miller*, 37 Cal.2d 801, 806 [236 P.2d 137].)

Judgment affirmed.

Wood, P. J., and Lillie, J., concurred.