[Crim. No. 9155. Second Dist., Div. Two. Nov. 22, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. CECIL LE-
ROY CLOUSE, Defendant and Appellant.

Cecil Leroy Clouse, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Plaintiff and Respondent.

FOX, P. J.—Appellant, Cecil Leroy Clouse, in an information filed by the District Attorney of Los Angeles County, was charged with the crime of burglary committed on or about January 3, 1963, in that he entered the office and building occupied by the Murphy Transportation Company with the intent to commit theft. The information also charged a prior felony committed in Oklahoma. Appellant admitted the prior felony and was found guilty of burglary in the second degree by a jury. Probation was denied and appellant was sentenced to the state prison. Appellant appeals from the judgment in propria persona.

On January 2, 1963, Mr. Inmon, operational manager of the Murphy Transportation Company, locked the offices and left everything in good order. Upon opening the door the following morning he found papers and records strewn on the floor and a window broken. The office was still locked, but the appellant was discovered sitting at an office desk with his head down on one hand and apparently asleep. Mr. Inmon then called the police and appellant was arrested. A number of blank checks and payroll checks had been removed from a bank book in a filing cabinet and had been placed on the desk where appellant was sitting. Appellant was discovered wearing a pair of gloves belonging to an employee of the company, and keys to an office desk were found in appellant's possession.

After appellant was taken to the police station, at approximately 9:30 the same morning, Officer Guild of the Maywood Police Department spoke with appellant. At that time appellant freely and voluntarily stated that he had been drinking in a Los Angeles bar on the evening of January 2, and that

someone had given him a ride to the City of Maywood. Appellant also told Officer Guild that he had found a steel bar and used it to break a window of the Murphy Transportation Company; that he then climbed through the window into the office and discovered the checks, which he was planning on taking with him, and that he then sat down at the desk and fell sleep and was apprehended when he awoke.

Appellant testified on his own behalf, stating that he had been drinking in Los Angeles the previous evening for a number of hours, and that he did not remember anything which occurred after 1 a.m. of January 3, 1963. He did not recall being arrested, but did remember being awakened by the police.

Appellant recalled that he spoke with Officer Guild, testifying that he answered the questions which were put to him, but did not relate the circumstances which led him to be in the Murphy Transportation Company offices. He also stated that he was unable to recall anything which he told to Officer Guild because he was sick and had a "hang-over" from drinking.

On cross-examination appellant testified that he wrote a statement in his own handwriting for Officer Guild, but that he wrote it just so the officers would leave him alone. Appellant admitted that the statement was in his writing, and that he had signed both the written statement and the printed paragraph stating that he was doing so voluntarily. However, appellant also stated that he wrote only what he was told to by Detective Guild, and that the statements had been dictated to him. Appellant denied any memory of the events between 1 a.m. and the time of his arrest.

Appellant urges four grounds for reversal. First, that the judge made prejudicial statements during the trial. Second, that the confession admitted in evidence was not voluntary. Third, that no corpus delicti was established independent of the confession. And finally, that there was reversible error in permitting the district attorney to introduce the confession in evidence on his cross-examination of appellant after the prosecutor had failed to present it in the People's case in chief. Examination of appellant's contentions discloses no basis for a reversal.

 The appellant contends that the trial judge improperly indicated to the jury that he believed the defendant to be guilty. This is based on a ruling the court made as to the admissibility of evidence and because of questions the court

asked the defendant concerning the gloves found in his possession. The ruling on the admissibility of evidence was obviously not an indication of the court's belief in the defendant's guilt. Nor were the court's questions to the defendant improper. At most the questioning was intended to give the defendant an opportunity to explain how the gloves happened to be in his possession. "The court was, therefore, doing no more than it was justified in doing—giving defendant an opportunity to explain. ..." (*People* v. *Buratti,* 96 Cal.App.2d 417, 421 [215 P.2d 500].)

Appellant's contention that the statement was involuntary is based on his feeling of ill health at the time he wrote and signed the statement, namely, that he had a hangover and only signed so that he would be left alone and could go to sleep. A confession or admission can be admitted in evidence only if it was voluntarily made, but where there is conflicting evidence as to whether the confession was voluntary or not, it is a question of fact to be determined by the trial judge. Here appellant admitted writing the statement, though he claimed he wrote only what was dictated. He also admitted signing a recital that the statement was voluntary. Officer Guild testified that the appellant's statements were voluntary. The arresting officers testified that they noticed no signs of intoxication nor traces of alcohol on appellant's breath. There was, therefore, substantial evidence that the statement was voluntary, and a finding to that effect by the trial court will not be overturned on appeal. (*People* v. *Price,* 175 Cal.App.2d 857 [1 Cal.Rptr. 57]; *People* v. *Montano,* 184 Cal.App.2d 199 [7 Cal.Rptr. 307]; *People* v. *Mendoza,* 122 Cal.App.2d 185 [264 P.2d 223]; *People* v. *Cobb,* 45 Cal.2d 158 [287 P.2d 752].) Nor would the fact that appellant actually had a hang-over make the statement involuntary. It would still be a question of fact for the trial court whether the appellant's physical condition rendered him incapable of expressing his own free will. The state of his intoxication would then be a matter for the jury in determining what weight the confession was to be given. In *People* v. *Cobb, supra,* 45 Cal.2d 158, the defendant's poor physical condition, including the possibility that he was under the influence of drugs and had received blood transfusions, did not make his confession involuntary but went only to the weight to be attached to it. (See also, *People* v. *Mendoza, supra,* 122 Cal.App.2d 185.)

Appellant correctly points out that extrajudicial

admissions or confessions can be used against a defendant only if the prosecution can prove the corpus delicti of the crime charged independently of such admissions or confession. (*People* v. *Gem Hang*, 131 Cal.App.2d 69, 71 [280 P.2d 28]; *People* v. *Cullen*, 37 Cal.2d 614, 624 [234 P.2d 1].) But all that is necessary is slight or prima facie proof of the corpus delicti for this preliminary purpose, and then the extrajudicial statements of the defendant may be introduced. (*People* v. *Cullen, supra,* 37 Cal.2d 614, 624-625; *People* v. *Gem Hang, supra,* 131 Cal.App.2d 69, 71; *People* v. *Wilde,* 82 Cal.App.2d 879, 880-881 [187 P.2d 825]; *People* v. *Fox,* 126 Cal.App.2d 560, 568 [272 P.2d 832].) The district attorney introduced sufficient independent evidence in the instant case to carry the burden of establishing a prima facie case of burglary. The Murphy Transportation Company had been locked and left in good order in the evening and the next morning a window had been broken, a filing cabinet and metal box broken into, the office was in a state of disorder and an unauthorized person in the building with keys to an office desk on his person and the company's checks on a desk in front of him. There is no merit in the contention that the corpus delicti of the crime was not established independently of the appellant's extrajudicial statements.

There is likewise no merit in appellant's contention that the court committed prejudicial error in permitting the prosecutor to introduce in evidence his written confession on his cross-examination. During the People's case in chief, Officer Guild related a conversation with appellant in which appellant told how he came to the Murphy Transportation Company, how he broke into it, and what he did while in the place. The officer was not asked and he did not reveal that he had secured a written confession signed by appellant. During appellant's cross-examination he was asked: "At the time you talked to the officer, did you give him a written statement in your own handwriting?" Appellant replied: "I wrote a statement out just so the man would leave me alone." It was in this manner that the written confession came into the case. Although the prosecution should have introduced this evidence as part of its case in chief (see Pen. Code, § 1093; *People* v. *Carter,* 48 Cal.2d 737, 753 [312 P.2d 665]), it does not appear that the order of proof prejudiced appellant. (See *People* v. *Fitzgerald,* 56 Cal.2d 855, 861 [17 Cal.Rptr. 129, 366 P.2d 481].) He was not taken by surprise for the officer had already testified as to what he had said

about breaking into the place. Also, he knew he had signed a statement inculpating himself but he was ready with an explanation which, if believed, would have tended to exculpate him.

Furthermore, as pointed out in the *Fitzgerald* case, *supra,* " 'defendant is mistaken in his contention that because the evidence of such statements was introduced after he had taken the stand it could be considered only to impeach defendant, not as proof of the People's case.' [Citation.] "

The judgment is affirmed.

Herndon, J., concurred.